## DRAKE et al. v. ROOT.

HOMESTEAD — *how conveyed.* A deed in ordinary form, executed by husband and wife, which contains no waiver of the homestead right, is sufficient to pass the title of the grantors to lands occupied by them as a homestead under the act to provide for homesteads in Colorado Territory.   R. S. 385.

*How recorded.* If the word *homestead* is not entered in the margin of the record of the title as required by section 2 of the act, the claimant is not entitled to the benefit of its provisions.

ESTOPPEL — *by deed.* A defendant in ejectment, who has conveyed the land in controversy to the plaintiff, with warranty, is estopped to deny that he had the estate which he assumed to convey.

DEED — *construction of — parol evidence affecting.* A deed for land, which contains no reservation to the grantor of the right of possession, passes such right to the grantee, and parol evidence cannot be received to show that by agreement between the parties at the time of the execution of the deed the grantor was to retain possession of the premises conveyed for one year after its date.

MORTGAGEE — *not entitled to possession.* Until forfeiture, a mortgage is a security only, which confers no right of entry on the mortgagee.

EJECTMENT — *who are actual occupants.* A son who resides in his father's family on the premises in controversy, and who does not assert any ownership or right of possession therein, is not an actual occupant, within the meaning of the fourth section of the ejectment act. R. S. 273.

PRACTICE — *when objection should be made.* But if he allow verdict and judgment to go against him, without objection in the court below, he cannot be relieved in this court.

PLEADING — *in ejectment — title.* An averment in the declaration that the plaintiff claims title by purchase is not a sufficient statement of title, under the eighth section of the act relating to ejectment. R. S. 274.

VERDICT — *bad for uncertainty.* Where the declaration in ejectment contains two counts, in one of which the plaintiff claims title in fee, and in one the right to occupy under local law, a verdict which finds that the plaintiff is owner, as averred in the declaration, is uncertain and insufficient.

## *Error to District Court, Gilpin County.*

MANSEL H. ROOT brought ejectment against Lester and Eugene Drake, to recover possession of a certain lot of ground, of about two acres, together with a dwelling-house and stable. In the first count, the plaintiff claimed title in fee ; in the second count, he set up title as follows : "And said plaintiff avers that he claims title to said premises in this count mentioned by purchase from Lester Drake." In the third count, he set up title as follows : "And the said plaintiff avers that he claims title to the premises in the count mentioned by purchase, and by possession and occupation, under the laws of the United States, and the laws of said Territory of Colorado, and the local laws, rules, usages and customs of Lake Gulch District, in which said lands are situated. The trial was had at the November term, 1874, upon the general issue. At the trial, the plaintiff gave evidence to prove that Lester Drake, with his family and his son Eugene, resided upon

the premises ; he also put in evidence a warranty deed, in the usual form, from Lester Drake, and Eliza, his wife, to the plaintiff, dated December 8, 1873, conveying the premises described in the declaration.   The certificate of acknowledgment was as follows :

" Be it remembered, that on the 10th day of December, A. D. 1873, before me, the undersigned, a notary public in and for the county of Gilpin aforesaid, personally came Lester Drake and Eliza Ann Drake, his wife, who are personally known to me to be the same persons described in, and who executed, the foregoing deed and acknowledged that they executed the same freely and voluntarily, and for the uses and purposes therein mentioned.   And I further certify that the said Eliza Ann Drake, wife of said Lester Drake, having been examined by me touching the execution and acknowledgment of said deed, separate and apart from and out of the presence of her said husband, the contents, meaning and effect of said deed were by me fully explained to her, separate and apart and out of the presence of her said husband, and after such explanation by me, and while still separate and apart from and out of the presence of her said husband, she acknowledged that she had freely and voluntarily executed the said deed for the uses and purposes therein mentioned, and that she did not wish to retract the same, and that the same was not made through the fear or compulsion of her said husband."

To which the defendants objected that there was no waiver of the homestead right in deed or acknowledgment.   The defendant Lester Drake gave in evidence that he had resided with his family upon the premises, the most of the time for ten years past ; that he was residing there in December, 1873, when the deed to plaintiff was made, and that he had resided there ever since that time ; that Eugene Drake was his son, residing with him.   The defendants then offered to prove that before and at the time of the execution of the deed to plaintiff, the defendant Lester Drake was indebted to plaintiff in the sum of $18,828.65, which was mentioned as the consideration in the deed, and which was secured on a portion of

the property described in the deed ; that at the time of the execution of the deed it was agreed between them that said Drake should deed to the said Root the lands described in the deed, and that the amount of indebtedness due should be taken as the consideration in the deed. That Root should at the same time give back to Drake a bond to reconvey to said Drake the property in said deed mentioned, at any time within fifteen months from the 1st day of January, 1874, upon payment of the said sum in deed and bond mentioned, and that the said Drake might retain the possession of the house and lot in controversy, for the space of one year ; and further, that the said bond to reconvey was duly executed by Root, and the said Root also verbally agreed at the time of the execution of the bond and deed, that the said Drake might retain possession of said house and lot in controversy, for the period of one year. Which said evidence the court refused to hear, and the defendants excepted.

The defendants then offered in evidence a deed of trust, in the usual form, being dated April 5th, A. D. 1867, made by said Lester Drake to Willard Teller, conveying a large number of lode claims, together with the house and lot in controversy ; which said deed was declared to be in trust to secure the payment of three promissory notes therein mentioned, amounting to $6,393.32, and interest at the rate of four per cent per month.

And upon the objection of the plaintiff, the deed last mentioned was excluded.

The defendants asked the court to charge, "That in order that plaintiff may recover in this case, he must show to their satisfaction that he has the legal title to the property in the declaration mentioned, and that he was at the time of the commencement of this suit entitled to the possession thereof, and that the legal title is all the title with which they have any thing to do, and that it is also incumbent on the plaintiff to show what title he claims, whether in fee, or for a term of years, or the right to occupy, possess and enjoy the property under the local laws and customs of said mining district, and if plaintiff has failed to

show what title he claims, he is not entitled to recover in this action," which the court refused and the defendant excepted.

The verdict was as follows:

"We, the jury in the above-entitled cause, find the defendants guilty; and we find that the plaintiff is the owner of the premises, as averred in the declaration, and is entitled to the possession thereof."

Upon which the court gave judgment and the defendants sued out this writ of error.

Mr. H. M. TELLER and Mr. WILLARD TELLER, for plaintiffs in error.

Mr. L. C. ROCKWELL, *contra*.

HALLETT, C. J.    The act which exempts homesteads from execution and sale, under process of law (R. S. 385), contains no provision as to selling or conveying such property, except by way of mortgage.    By the sixth section it appears that a wife must join in a mortgage of the homestead, but nothing is said as to any other conveyance, and, therefore, all others must be governed by the general law regulating conveyances of real estate.    It will not be contended that by living upon a tract of land the owner will lose the right to alienate it, and as to the wife, under the general law (R. S. 259), she has no right of dower, and by the fourth section of this act, she has a right in that homestead only of which the husband is seized at the time of his death.    But, if it was necessary that the wife of Lester Drake should join in the deed to defendant in error, that was done, and the instrument was executed and acknowledged in the manner required by section six of the act.    In Illinois, the statute seems to require an express waiver of the exemption, on the part of both husband and wife, and therefore the authorities in that State are not in point.    *Van Zant* v. *Van Zant*, 23 Ill. 536.    Again, it does not appear that Lester Drake had caused the word "homestead" to be entered in the

VOL. II.--87

margin of the record of his title, as required by the second section of the act. What is meant by the record of title, whether one or all of the conveyances that make out the chain is not pointed out, but probably a reasonable construction would require that the entry should be made in the margin of the record of the deed, by which the claimant of the homestead acquired his interest. No reason is perceived for dispensing with this entry, which was manifestly intended to give notice to the world of the peculiar conditions affecting the property. We have no difficulty in saying that the deed was properly received in evidence, and as it contained a covenant of warranty, the grantor was thereby precluded from denying that he had the estate which he assumed to convey. *Van Rensselaer* v. *Kearney,* 11 How. 297; *French* v. *Spencer,* 21 id. 228; *Goodtitle* v. *Bailey,* 2 Cowper, 597.

A grantor can never be allowed to set up a prior conveyance made by himself to a third party, in order to defeat his own grant, and this was what was proposed by plaintiffs in error upon the trial. The offer to show by parol that Lester Drake was to remain in possession of the premises for one year after the grant, was opposed to the statute (R. S. 107), the ninth section of which declares that all conveyances of real estate, and of any interest therein duly executed and delivered, shall be held to carry with them the right to immediate possession of the premises or interest conveyed, unless a future day for the possession is therein specified. This provision accords with the general rule by which a contract or agreement becomes effectual from its date if there is nothing upon the face of it to indicate that the parties intend that it shall take effect at some other time. As defined by the legislature, the rule certainly requires that the intention to postpone the operation of the deed to a future day shall be declared in the instrument itself. As, therefore, the law required written evidence of the fact which plaintiffs in error were seeking to prove, oral testimony could not be received to establish it. 2 Starkie's Ev. 753. If we regard the testimony offered as contradicting

the deed, the rule is the same, for says Mr. Starkie at page 757 : "As oral evidence is inadmissible either as a substitute for a written instrument required by law, or to give effect and operation to such an instrument where it is defective, it follows *a fortiori*, that it is not admissible to contradict or even to vary any instrument to which an exclusive operation is given by law, whether that exclusive quality result from a peremptory rule of law or from private compact." To illustrate the rule a case is cited from 5 B. & C. 109, *Williams* v. *Jones*, where two persons agreed to enter into partnership as attorneys, no time being mentioned, and it was held that the partnership commenced from the time of the agreement, and evidence was inadmissible to show that the agreement was not to take effect until a future day. It will be observed in the case at bar that under the deed as written the grantee was, by the statute, invested with the right to immediate possession, and this effect and operation of the deed it was proposed to contradict by parol. That this could not be done appears to be clear upon principle and authority. Oral testimony as to the existence and contents of the bond to reconvey, alleged to have been given at the time of the execution of the deed, was of course incompetent in the absence of evidence to show the loss or destruction of the instrument. I do not find that the bond was produced, or that any offer was made to prove that it was executed, to be followed by evidence of its loss or destruction, according to the usual practice. If any such bond was given, and by its terms it appears that the deed was intended as a mortgage, it will have an important bearing upon the case. To anticipate a defense which may possibly exist and may be interposed at another trial, it may be well to remark that we incline to the opinion that until forfeiture a mortgage should be regarded as a security merely which confers no right of entry upon the mortgagee. 3 Wash. Real Property, 99 *et seq.* Attention is asked to the evidence as to the occupancy of Eugene Drake at the time the suit was commenced, which shows that he was a member of his father's family, and residing with them upon the

premises in controversy, but fails to disclose that he was asserting any ownership or right of possession in the land. The fourth section of the act governing ejectments (R. S. 273) provides that the action shall be brought against the actual occupant, if there be one, but this does not refer to all who may reside upon the premises. A farmer may employ persons to cultivate the soil, and a manufacturer may have many persons employed in his factory, who would not be occupants in the sense of this act. So if one should keep a boarding-house it would be hard to say that all occupants of his house would be liable in ejectment for his act in withholding the premises against a superior title. *Chiniquy* v. *Catholic Bishop of Chicago*, 41 Ill. 148. I do not perceive that Eugene Drake, residing in his father's family and not otherwise occupying the premises, could be subjected to the costs of this suit, but as the question was not raised in the court below, we should give little attention to it here if there was no greater error in the record. A party who allows a verdict and judgment to be taken against him without objection, the only effect of the judgment being to subject him to costs, should not ask to be relieved in this court.

The finding of the jury is a more serious matter, for by the seventh clause of the twentieth section of the act (R S. 277), it is provided that the verdict shall specify the estate which shall have been established upon the trial by the plaintiff, whether in fee or for life, or a term of years, or a right of possession and occupancy only. By the eighth section, the plaintiff is required to set forth the estate which he hath in the premises ; and by the twenty-third section, the judgment is to be given according to the verdict, while by the twenty-fifth section the judgment is made conclusive as to the title established at the trial. Thus, in the pleadings, as well as in the verdict and judgment, the estate or interest of the plaintiff in the property is made a matter of substance, which is not upon any account to be overlooked or omitted. In this declaration, we have three counts, in the first of which the plaintiff claimed title in fee ; in the second, by purchase

from Lester Drake, and in the third by purchase and by possession and occupation under the laws of the United States, and the laws of the Territory of Colorado, and the local laws, usages and customs of Lake Gulch district, in which said lands are situated. Inasmuch as one may purchase a fee or a life estate, or any other interest in land, it is difficult to perceive how the language of the second count can be interpreted as an averment of title, and therefore that count may be disregarded. It is true, that by the last clause of the eighth section, if he claim a right to occupy and possess the premises under local law or otherwise, the plaintiff must state whether he is an original locator or purchaser, but in that case, the character of purchaser is a part only of the statement of his right, and not the whole of it. He holds by force of territorial or local law and usage, whether he is an original locator, or purchaser from some other locator, and the statute requires that he shall add to the description of his general right to occupy and possess the premises, a statement showing whether he is the locator or purchaser. If, however, we take into view the first and third counts only, they differ as to the title, and whether the jury intended to say that defendant in error owned in fee as averred in the first count, or that he had a right to occupy and possess as averred in the third count, we are utterly unable to say. If there was but one count in the declaration, the finding would manifestly refer to that, and when the verdict is that the plaintiff is the owner of the premises without more, it has been said that it will be interpreted as meaning that he is the owner in fee. *Hadlock* v. *Hadlock*, 22 Ill. 384. But here the finding is that defendant in error is owner as averred in the declaration, and it must be applied to one or the other of the counts, to make it effectual. To say that it means both counts as in some forms of action, we say that a verdict for the plaintiff establishes the truth of all that is charged in the declaration, involves the absurdity of supposing that the jury intended to find a fee together with a less estate in the same person. A little care on the part of counsel will secure verdicts in due form, and

according to the statute, and that result cannot be obtained by straining language beyond its ordinary meaning, or inventing rules of construction in support of defective verdicts.

The judgment of the district court will be reversed with costs, and the cause remanded for a new trial.

*Reversed.*