PHYLLIS M. COOK, APPELLANT, *v.* GEORGE HIGLEY, JR., AND ANOTHER, RESPONDENTS.

HUSBAND'S CONVEYANCE OF HOMESTEAD WITHOUT WIFE'S CONSENT.—2 Comp. Laws 1888, § 3429, subd. 11, provides that in case a debtor is the head of a family, a homestead to be selected by him shall be exempt from execution, but does not forbid the sale of the same by him. The husband can convey his homestead without the wife's consent, subject only to her dower right on his death.

(No. 472. Decided June 28, 1894. 37 P. R. 336.)

APPEAL from the District Court of the Fourth Judicial District. Hon. James A. Miner, *Judge.*

Action by Phyllis M. Cook against George Higley, Jr., and another to recover possession of a homestead. The court sustained defendants' demurrer, and plaintiff electing to stand by her complaint, judgment was entered, from which she appeals. *Affirmed.*

Mr. *A. R. Heywood,* for appellant.

Messrs. *Evans & Rogers,* for respondents.

BARTCH, J.

The court below sustained a demurrer to the complaint

in this case on the ground that it does not state facts sufficient to constitute a cause of action.   The plaintiff elected to stand by her complaint, which was thereupon dismissed, and the costs taxed against her.   The only material question raised in the record by this appeal is whether, in a case where the husband conveys, by deed, premises occupied by himself and family as a homestead, without being joined in the conveyance by the wife,—the same being against her will,—the wife is entitled to the possession of, and to occupy as a home for herself and family, the premises thus conveyed, during the term of her life, as against the rights of the grantee of the husband.

There are no homestead estates at common law.   Such estates are created, and can exist only by statute.   In this territory there is no separate and independent homestead law.   The only statutory provision creating homestead rights, and which is decisive of the rights of the plaintiff, is found in section 3429, subd. 11, Comp. Laws Utah 1888, and reads as follows: "If the debtor be the head of a family, there shall be a further exemption of a homestead, to be selected by the debtor, consisting of lands, together with the appurtenances and improvements thereon, not exceeding in value the sum of one thousand dollars, for the judgment debtor, and the further sum of five hundred dollars for his wife, and two hundred and fifty dollars for each other member of his family.   If the homestead selected by the debtor, is of greater value than is exempted under this section, it shall be optional with the judgment debtor to permit the same to be partitioned or to be sold, and to receive in money the value of the homestead, as provided in this section.   If the debtor so elect, the homestead may be sold, as other lands are sold, on execution, and, after paying the debtor the value of the homestead, the balance of the money shall be applied upon

the judgment,"—and then provides how the sale may be effected under the execution, and for the disposition of the money, etc.

An examination of this statute reveals no intent on the part of the legislature to restrain the debtor from alienating the homestead. It merely provides that if he be the head of a family this homestead shall be protected by exemption from execution, to the extent therein set forth. This right of the debtor thus to preserve a home for his family is inviolate and absolute. If, however, he chooses to sell and abandon it, there appears to be no provision of law which will prevent him from so doing, even if the wife refuse to join him in the conveyance. The statute law of this territory expressly provides that all property acquired and owned by either husband or wife may be held, managed, controlled, and in any manner disposed of by the one so owning or acquiring, without any limitation or restriction by reason of marriage. Comp. Laws Utah 1888, § 2528. The general purpose of the statute does not appear to be the creation of an estate which cannot be conveyed without the concurrence of those who are entitled to enjoy its benefits, but to preserve it for occupation by the debtor and his family, as against his creditors. Therefore, independently of the husband, who is the head of the family, the wife has no claim upon the homestead, so long as he is living, except her right of dower, unless it be her separate property. Whatever claim she has arises because of the marital relation, and can only be enforced with the concurrence of the husband. The law affords the protection to him, and, through him, to the wife and family. It does not interfere with the natural dependence of the wife upon the husband. As she is bound to live with him, under her marital obligations, so she is bound to accompany him when he abandons the homestead, and selects another place of residence. His home is her home,

and there is no obligation which compels him to reside permanently in one place; nor should there be such an obligation, for the best interests of himself and family may require an abandonment of the homestead to promote the health and comfort of his family, or the education of his children.

Doubtless, the privilege thus conferred upon the husband may in some cases become the subject of abuse; but the wife takes that risk when she enters into the marriage relation, and assumes her dependent position, which is essential to the peace and happiness of the family, and to the well-being of society. The law protects the actual, not the former, homestead; and therefore, when the husband abandons it, and permanently changes his place of residence, the wife has no claim for possession which she can enforce against the grantee of the husband, in the absence of any statute restraining its alienation. Such restraint is in derogation of the general policy of the law, which encourages rather than abridges the right of alienation, and will operate and have effect so far only as is determined by the legislature. Tied. Real Prop. § 158; Wap. Homest. & Ex. p. 43, § 9; Thomp. Homest. & Ex. § 2; *Finley* v. *McConnell,* 60 Ill. 259; *Guiod* v. *Guiod,* 14 Cal. 506; *Knudsen* v. *Hannberg,* 8 Utah, 203, 30 Pac. 749.

In this case it appears from the record that the title to the premises in controversy was in Thomas Cook, the husband of the plaintiff. He sold the land to the defendant Higley without the knowledge or consent of his wife. Higley then went into possession, and, so far as appears from the record, without objection on the part of the vendor, who, it appears, quit the premises. While, under these circumstances, the plaintiff still retains her right of dower in the land, which will accrue at his death, yet we are of the opinion that she has no right of possession therein which will entitle her to recover in this action.

The demurrer, therefore, was properly sustained, her husband being still living.    There appears to be no error in the record.    The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.