[No. 1491.]
## MACKEY v. MAGNON.

1. CONTRACTS—CONVEYANCE OF REAL ESTATE—SPECIFIC PERFORM-
ANCE.

Specific performance of a contract to convey real estate, where there has been no delivery of possession, cannot be enforced unless the contract is in writing.

2. CONTRACTS—WRITTEN—PRESUMPTION.

Where a contract between parties is in writing it is presumed to embrace the whole agreement and to contain everything relating to the duties and obligations of the parties by which they intended to bind themselves.

3. APPELLATE PRACTICE.

Where on an appeal by plaintiff the record does not clearly show how the court arrived at his finding, and it appears that a greater sum was found in plaintiff's favor than he was entitled to recover on a partnership accounting, the judgment will not be disturbed, as the defendant does not complain.

*Error to the District Court of El Paso County.*

Mr. T. M. S. RHETT, for plaintiff in error.

No appearance for appellee.

THOMSON, P. J.

The plaintiff in error was plaintiff, and the defendant in error defendant, below. Both parties were residents of Aspen, Colorado. The complaint alleged an agreement of partnership between the plaintiff and the defendant, about April 30, 1894, whereby the plaintiff should proceed to Cripple Creek, Colorado, and procure interests in mining claims, by bond, option, contract or purchase, and the defendant should undertake, at his own expense, to dispose of such interests at Chicago, Illinois, the parties to share equally the profits realized and the losses incurred, in the transaction. The complaint also averred that the plaintiff, in accordance with the agreement, at considerable expense to himself, went to Cripple Creek, about the 4th day of May, 1894, and acquired interests by option and contract, and also by purchase, in a number of mining properties; that at the time of the agreement, the defendant was the owner of an undivided one-eighth interest in the Mountain Boy lode, in the Cripple Creek district, and agreed that this interest should be part of the partnership assets, and go in with the others at the price of $600, subject to the same agreement concerning profits and losses; that the plaintiff among other interests acquired in Cripple Creek, purchased an undivided one-third interest in the Little Maggie lode, and that some time after his return, the defendant purchased, in behalf of himself and the plaintiff, an additional one-eighth interest in the Mountain Boy lode; that about the 15th day of May, 1894, the parties had a settlement of their accounts, which embraced the expenses of the parties, and the prices paid by them respectively for the several interests which had been acquired in the Mountain Boy and Little Maggie lodes; that upon this settlement a balance was found to be due from the plaintiff to the defendant of $442, which balance the plaintiff thereupon paid; that at the settlement the defendant falsely and fraudulently represented that the additional one-eighth interest in the Mountain Boy lode had cost him $750, and that in the settlement the plaintiff relied on the

representation ; but that the sum actually paid for the interest by the defendant was $550, and no more ; that although the defendant agreed immediately to take the interests which had been obtained, to Chicago, and there dispose of them, he did not do so ; that the plaintiff expended other moneys to the amount of $119.70 in connection with the acquirement of the mining interests, and that the value of his time and labor paid out in the business was $400 ; that the plaintiff had frequently demanded the conveyance to himself of one eighth of the Mountain Boy lode, and offered to convey to the defendant one sixth of the Little Maggie lode, but the defendant refused either to convey to the plaintiff any interest in the Mountain Boy, or to accept from him the conveyance of any interest in the Little Maggie. The prayer was that the settlement be set aside, and a true account of costs and expenses taken ; that the plaintiff have judgment for a balance which he alleged was owing to him of $619.70 ; and that the defendant be adjudged to convey to him an undivided one-eighth interest in the Mountain Boy lode.

The answer denied the material averments of the complaint and set up the following written contract between the plaintiff and the defendant :

" This agreement, Made and entered into this 16th day of May, A. D. 1894, between A. P. Mackey of the city of Aspen, and Arthur U. Magnon of the same place, witnesseth :

" That whereas, A. P. Mackey has options to purchase interests in the Mollie Maguire lode, Goldfield lode, Hammond lode, the Granite State lode, Atlantic lode, La-Fortuna lode, Murray lode, Andrews Extension lode and the Mamie lode, all situate, lying and being in the Cripple Creek Mining District, in the county of El Paso, State of Colorado, and,

" Whereas, the said A. P. Mackey is the owner of an equal undivided one-third part and interest in the Little Maggie lode in the same Mining District, County and State, and,

" Whereas, the said Arthur U. Magnon is the owner of an equal undivided one-quarter part and interest in the

Mountain Boy lode in the same Mining District, County and State,

" Now Therefore, It is mutually agreed and understood by and between the parties hereto that any profits derived or to be derived on a sale of said properties or any thereof shall be equally divided between said parties.

" And it is hereby further mutually agreed and understood by and between the parties that any interests purchased under any of the options hereinabove mentioned each party hereto shall be interested therein equally with the other party, and each party hereto shall furnish and pay one-half of the purchase price of any interest or interests therein.

" And it is further agreed and understood by and between the parties that each party hereto shall use his best efforts in selling said properties at a profit over and above the purchase price named in said options.

" And it is further agreed and understood that any and all expenses incurred in the obtaining of said options shall be borne equally by the said parties hereto ; that by the word expenses is included any monies advanced in order to procure said options.

" And the said A. P. Mackey hereby assigns unto the said Arthur U. Magnon an undivided one-half interest in the options to purchase hereinabove specified.

" In Witness Whereof, The parties have hereunto set their hands and seals this 16th day of May, A. D. 1894.

| [Seal] | " A. P. MACKEY, | [Seal] |
| | " ARTHUR U. MAGNON." | [Seal] |

The answer further averred that the defendant complied with all the terms of the agreement on his part, but that by reason of a strike of the miners in the Cripple Creek district, which occurred shortly after the making of the contract, and which caused a closing of the mines and a suspension of work in the district for a number of months, it became impossible for either himself or the plaintiff to dispose of the mining interests ; that shortly after the making of the con-

tract the plaintiff approached the defendant and falsely and wrongfully accused him of misrepresenting the amount which the additional interest in the Mountain Boy lode had cost him, and thereupon refused to proceed further in the performance of the contract, and declared it to be at an end.

The replication admitted the written contract, but averred that it did not contain the entire agreement between the parties, and denied that the plaintiff ever failed or refused to comply with its requirements.

The foregoing embraces all the allegations of the pleadings which, in the view we take of the case, are of any importance. The court rendered judgment in the plaintiff's favor for $553; denied his prayer for a conveyance to him of an interest in the Mountain Boy lode, and refused to compel the defendant to accept an interest in the Little Maggie lode. The judgment is brought here for review by writ of error, and the errors assigned are the refusal of the court to decree a conveyance to the plaintiff of one eighth of the Mountain Boy, its refusal to compel the acceptance by the defendant of one sixth of the Little Maggie, and the rendition of judgment in the plaintiff's favor for a less amount than he claimed.

We confess we are unable to understand the theory upon which the plaintiff claims a conveyance to him of an interest in the Mountain Boy lode, or a right to compel the defendant to accept an interest in the Little Maggie lode. The contract set out in the complaint was verbal; but even if a verbal contract for the conveyance of real estate, where there was no delivery of possession, possessed any validity, there was here no evidence of an agreement by the defendant to convey anything to the plaintiff, or by the plaintiff to convey anything to the defendant. The plaintiff testified that he was to own one half of the defendant's interest in the Mountain Boy, and the defendant was to own one half of his interest in the Little Maggie. This statement, even if it were not objectionable as being merely a conclusion of the witness, is too indefinite to amount to evidence of a contract

to convey land, and a suit for specific performance of a contract of that kind could hardly be founded on it. A man may own property the legal title to which is in another. But when pressed by a series of questions to state something besides his conclusion, and give the conversation between himself and the defendant on which his conclusion was based, the plaintiff made answer that it was said that they were to be equally interested in the contract; that they were to be equally interested in the Mountain Boy and Little Maggie; that he did not remember all the conversation they had about the matter, but he did remember distinctly that their original agreement was that they were to be equally interested in all things. Now, for the purposes of their proposed speculation, they might be equally interested in properties, the legal titles to which were in their separate names; and, upon sales being made, they would receive their interests in the division of the proceeds. But a contract for the conveyance of real estate, to be enforceable, must be in writing, and this contract, whatever may have been its purpose or its terms, was not in writing.

After the conversations from which the agreement set out is deduced, the parties entered into a written contract respecting the same subject-matter. This contract was in evidence, and is the contract pleaded in the answer. The presumption of law is that the whole agreement of the parties, as it was finally settled, is embraced in that contract. It is presumed to be the result of their previous understandings, and to contain everything, relating to the duties and obligations of the parties, by which they intended to bind themselves. There is nothing in the abstract to rebut the presumption that their entire agreement is expressed in the written contract, so that their former declarations and conversations are unimportant. Now it is evident from that contract that it was the intention of the parties that the titles to the Mountain Boy and Little Maggie lodes should remain where they were until the properties should be sold. It recited that the plaintiff was the owner of one third of the

Little Maggie, and the defendant of one fourth of the Mountain Boy, and provided that the profits derived from their sale should be equally divided. It contained no provision that any interest of either party should be turned over to the other before sale, nor any provision that he should receive it at all, except in the shape of proceeds of sale. It is clear that the parties did not contemplate conveyances to each other of interests in the real estate itself. The contract was drawn at the instance of the plaintiff, by his own attorney, and from that fact the inference is unavoidable that he did not then understand that he was either to receive or make a deed. There is absolutely nothing in the case upon which a suit to compel the making or acceptance of a conveyance could be predicated, and the judgment of the court denying relief of that kind was manifestly right.

But it is complained that the judgment for $553 was too small, and that it should have been for $619.70. We do not know where the court found the figures to make that sum. However, we have looked through the evidence carefully, and can appreciate the difficulty which the court encountered in undertaking to fix an amount. This is not a suit to rescind the contract and recover the consideration which the plaintiff paid for his interest in the venture. Consequently none of that was embraced in the judgment. Possibly the plaintiff was entitled to one half of the difference between the supposed amount paid by the defendant on the Mountain Boy, $750, and the real amount, $550, provided the defendant deceived him as to the true amount. That the defendant was guilty of fraud in the matter is by no means clear. He testified that he did not purchase the additional one-eighth interest in the claim with the intention of putting it into the deal at all; that when the written contract was drawn, at the request of the plaintiff, he consented to let it go in; that while he paid directly only $550 for the interest, yet before the contract between himself and the plaintiff was drawn he had entered into such relations in connection with the property that he incurred an additional outlay of $150; that his expenses in-

curred, as he estimated them, in effecting the purchase of the interest, were $50.00, and that the sum of $750, at which he consented that the interest should go into the partnership, was fixed as value rather than actual purchase price. Upon the question of fraudulent representation, there were only two witnesses, the plaintiff and the defendant; their testimony did not agree, and which the court believed we have no means of knowing. The plaintiff claimed $119.70, for expenses, but admitted that he did not know how he settled on that amount, as he could account for only $63.20 of it. He also claimed pay for the time which he spent in the business, eight days, at $50.00 per day, amounting to $400. Now, in his complaint, he averred a copartnership, in which himself and the defendant were equally interested. He sought to be invested with his alleged interest in partnership real estate, and prayed an accounting. This is the case which he has made on paper, and to which he must be confined. But in such case the utmost to which he could be entitled on account of expense and time would be one half of the excess of his outlay over that of the defendant. The written contract in evidence would also limit him to that. Upon his own theory of his suit we can find no figures which amount to so much as the court adjudged. The court heard the witnesses and weighed their testimony. In some manner it arrived at the conclusion that the plaintiff was entitled to $553, and as the defendant is not here complaining, those figures must stand.

Let the judgment be affirmed.

*Affirmed.*