Wilson, J.
Raymond J. Walker, C. H. Walker and J. S. Henrich were the owners of a tract or parcel of land situate in the town of Highlands, and adjoining lands owned by defendant, the Highland Park Company. In April, 1888, the park company sold and conveyed to plaintiffs a parcel of land about 25 feet by 425 feet in dimensions. The deed was executed to Raymond J. Walker alone, but it is conceded that the title was vested in him for the benefit of himself and of his above named associates. The sole consideration expressed in the conveyance was $654, and this is conceded to have been paid. The negotiations of the sale were conducted by Mr. Hicks, the agent of the company, and by Henrich on behalf of the plaintiffs. In 1891, more than three years after the execution of the deed, it was discovered that there was a mistake in it, the word “ feet ” being omitted after the word “ twenty-five.” Mr. Walker thereupon applied to Mr. Hicks, who still repre *353 sented the company, to have the conveyance corrected. In response to this application, Mr. Hicks informed him that at the time of the sale, Mr. Henrich had orally agreed that if the company would sell the property at the price named in the deed, which was less than the regular price, he and his associates would dedicate the land so conveyed, together with some other lands of their own, for public use as a street or highway, and that this agreement was part of the consideration for the conveyance, and thereupon offered to correct the conveyance, provided that this agreement was carried into effect and the dedication of the land as a street was made.' Mr. Walker denied the agreement stated, and refused the offer. In 1892, Henrich died. Nothing further seems to have been done in the premises until November, 1896, when this suit was commenced by plaintiffs for the reformation of the deed. Defendant answered, admitting the sale and conveyance, but set up the oral agreement to which we have referred, and alleged that plaintiffs had-not complied with it. It also filed a cross-complaint, setting up the oral agreement and praying relief in accordance with it.. Final decree was in favor of the plaintiffs, and the prayer of defendant for relief was denied.
It is admitted that there is really but one question involved in this case, and it is thus tersely and correctly stated by defendant’s counsel in their brief: “ Where an estate in fee simple has been conveyed by an indenture duly executed and delivered, is it permissible to introduce evidence of a contemporaneous parol contract, for the purpose of showing that at the time of the execution and delivery of the deed, it was .agreed by and between the grantor and the grantee that the land should be used as a street, and that such agreement was a part of the consideration for the conveyance; or is such evidence inadmissible upon the well established principle that where an estate in land is duly conveyed by deed, parol evidence will not be admitted for the purpose of showing that the estate conveyed was a less estate in dignity or sacred *354 ness or otherwise different in degree, than that which appears upon the face of the instrument to have been conveyed ? ”
Defendant at the outset concedes without reservation as a settled principle of law, that parol evidence is inadmissible for the purpose of showing that the estate conveyed by a deed is less in dignity or otherwise different from that purporting on the face of the instrument to have been conveyed. It seeks, however, to avoid the force of this rule by contending that the enforcement of the alleged oral agreement of plaintiffs would not impair, change or alter the estate conveyed to Walker; that the estate was intended to be, and was, an absolute and unconditional fee, and that it would so remain even after its dedication to public use as a street or highway. It contends, first, that the consideration of a deed may be shown to be different from that named in the deed, and that such fact may be shown by parol evidence, and that such showing is not within the inhibition of the statute of frauds; second, that the alleged agreement to dedicate the same land conveyed in the deed to the public for street purposes, was a part of the entire contract of sale and purchase of this land, and that the execution of the deed by defendant in pursuance of that contract, was a part performance of the contract, and that therefore parol evidence is admissible to show the whole contract in a suit to enforce specific performance.
It is unnecessary to enter into an extended discussion of the principles of law involved in these questions, because they have been, in our opinion, conclusively settled by adjudications of our own supreme court, and settled adversely to the contention of defendant. It is true that for many purposes the consideration of a deed may be shown by parol evidence to be different from that named in the instrument, but this is never permissible to be shown for the purpose of avoiding the deed, or varying its effects. Brown v. The State, 5 Colo. 506. Defendant claims that it is not seeking to avoid the deed, the fee still remaining in the plaintiffs, but we cannot conceive upon what ground it can support a claim that *355 the alleged agreement in this case would not vary the effects of the conveyance, and the purpose is determined by the result. A conveyance in fee entitles the grantee to immediate and continuous possession, use and enjoyment of the property conveyed. If the agreement in this case were enforced, the plaintiffs would be deprived in perpetuity of the control and possession of the property, — the most essential and highest attribute of ownership. In Drake et al. v. Root, 2 Colo. 685,- it was claimed that at the time of the conveyance the grantee had orally agreed that the grantor might remain in possession of the property for the period of one year. The court held that as the grantee was by virtue of the deed invested with the right to immediate possession, the alleged agreement was a contradiction of the effect and operation of the deed, and "could not be shown by parol. It would seem that the case at bar is far stronger than this, for in the one, possession for a period of only one year was involved, while in the other it was sought to show a state of facts which would permanently deprive plaintiffs of the possession, and of all right to it. What the purpose or object of the defendant may be, according to its own statement, is immaterial, if the result would be to vary the effects of the deed, which we must hold that it unquestionably does. Lipscomb et al. v. Nichols et al., 6 Colo. 291, does not support the position of defendant. In that case a resulting trust was in question. One party had furnished a part of the consideration to pay for lands, and the other had taken the title to himself. It is a familiar principle of law that parol evidence is admissible to show such a trust, and the court so held.
Neither does Hunt v. Hayt, 10 Colo. 278, tend even to sustain the defendant. In that case, there was án oral agreement to sell and convey to the grantor of the plaintiff, upon condition that he improve the premises in a certain manner. This was done, the party taking possession, making very valuable improvements of the character required upon the land. This involves quite a familiar principle, and one essentially different, it can be readily seen, from that in the case at bar.
*356 With reference to the contention of defendant that it is entitled to specific performance by reason of part performance on its part, namely, because of the making of the conveyance, it may be doubtful whether in any case under the circumstances here presented, the defendant would be entitled to a decree for specific performance, — whether, in other words, that right would inure to it. This right usually accrues to a grantee, and by virtue of the taking possession, and the making of permanent and valuable improvements. We shall, however, neither discuss nor decide this question. It is unnecessary to the determination of the case. Conceding the point in favor of defendant, it is still certain that it is not entitled to such a decree in its favor in this instance, and under the facts of this case. It is an elementary principle that the only agreements to which the doctrine of part performance can be applied, are those to which equity would grant the remedy of specific execution if they were written, and one of the absolutely essential requirements of such an agreement is, that it must be complete and certain in its terms. Pomeroy, Spec. Per. § 99; Stanton et al. v. Miller et al., 58 N. Y. 200. This is wholly lacking in this case. The only evidence in relation to the alleged agreement is that of Mr. Hicks, the agent of the Park Company. He testified in reference to his interview with Henrich at the time the alleged agreement was made: “ I gave him the price, which was twelve cents a square foot. He then said he wished it to use as a street, and that as it would benefit the Highland Park Company by having a street open at that place, he thought we ought to make a reduction. I asked him how much he thought it ought to be worth under the circumstances to him, and after considerable of sparring, — I cannot remember the whole circumstances, — we agreed upon six cents a square foot.” Again, in response to an interrogatory, he answered, “ Yes, sir, the understanding was that it was to be used for that purpose in consideration of the discount made upon the price of the property.” Again, in response to an interrogatory as to what was his understanding, express or implied, *357 with Mr. Hicks, as to when the road would be built, he answered, “ My recollection is that when the deed was delivered, we had a conversation in -regard to dedicating the street, and as there was an incumbrance upon it, they did not wish to dedicate it until that incumbrance was paid. I expected that as soon as the incumbrance was paid, the street would be dedicated.” This is all of the evidence bearing upon the agreement. It will be seen that it is exceedingly indefinite and uncertain, both as to the fact of an agreement in which both parties concurred, and as to any time when the agreement should be carried out. In addition to this, the defendant alleged in its answer and in its cross-complaint, that the agreement with Henrieh was that this strip of land purchased from defendant should in connection with other lands owned by the plaintiffs, be laid out and dedicated as a street. There is no allegation as to what other lands nor what amount of them should be so dedicated, and therefore even if defendant had brought itself within the rule of law, the court would have had nothing before it upon which to base a decree for specific performance.
The Walkers deny that Henrieh had any power or authority to make any such agreement, and this of itself might present a serious question; but the other questions which we have discussed being decisive of the case, we express no opinion upon it. Deeming that the only question at issue has been settled by the adjudications of the supreme court of our own state, we have not thought it necessarjr to refer to any of the numerous cases cited by counsel for the defendant in their able brief. In the view which we take of the principles involved in this case, none of those are in conflict with the opinions which we have expressed, nor with the doctrine laid down by the supreme court. Each of them can, we think, be clearly distinguished from the case at bar.
For the reason given, the judgment will be affirmed.

Affirmed.

Bissell, P. J., not sitting.