[No. 6539.]

CARSON v. REDDING ET ALS.

1. SPECIFIC PERFORMANCE—*Contract—Certainty Required*—Specific performance of an oral contract for the purchase of lands, incomplete as to its terms, cannot be had—(181).

2. ——*Oral Contract—Writing Substituted*—Nor of a verbal contract for which, without any fraud, misunderstanding, or evil practice, a written contract is afterwards substituted—(181).

3. ——*Oral Contract Afterwards Waived*—Nor where, though the contract is certain, part payment made, and possession taken

by the purchaser, a different contract is afterwards substituted.

The effect of such substitution is to rescind the previous oral agreement—(182).

*Error to Denver District Court.*—HON. CARLTON M. BLISS, Judge.

Mr. L. J. LAWS, for plaintiff in error.

Mr. CHAS. W. WATERMAN, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. Defendant, The Equitable Securities Company of New York, owned a tract of land in Montrose county, and W. O. Redding was its local agent at Montrose. Plaintiff, John Carson, lived at Hazeltine, near Denver. On a visit to Montrose the latter part of October, 1901, he and Redding reached an understanding that he could buy the land for two thousand dollars, three hundred to be paid at the close of the transaction, and the balance in four annual deferred payments. The exact time of these payments, kind of security, rate of interest, and the time and conditions upon which the deed should be delivered, were not settled. The transaction was to be carried into effect by papers to be subsequently prepared and executed. November 20, 1901, Redding mailed Carson notes representing the deferred payments, and a trust deed securing them, to be executed as a preliminary step in closing the sale. These Carson received and returned without signing. The company then prepared a written lease and option to purchase, whereby it leased him the land from November 1, 1901, to January 1, 1903, the rent being represented by certain notes signed by Carson at the time he executed the lease. The lease provided

among other things, if the rent notes were paid at the expiration of the lease, January 1, 1903, Carson could have fifteen days thereafter in which to exercise an option to purchase the land for $1,200.00, and the company would make him a deed upon his executing promissory notes for the purchase price, secured by a deed of trust on the land; but if he failed to pay the rent notes when due, or comply with the lease, then it and the option should terminate. November 27, 1901, this instrument, with the rent notes, was mailed to Carson. He took them to his confidential business manager and agent in Denver, where, after they were read, discussed and understood by him, he signed and returned them to Redding. At the termination of the lease, January 1, 1903, Carson had paid a part, but not all the rent notes. He did not elect or offer to exercise his option to buy the land. Nothing seems to have been done at the termination of the lease and option. In the fall of 1903, Carson wrote the company asking for sixty days extension. December 28, 1903, the company answered by letter, that if he would make certain enumerated payments, it would wait for the balance, $900.00, until February 1, 1904. None of these terms or conditions were complied with. March 21, 1904, while the transaction was still in this condition, the company, without giving Carson any notice, sold the land and conveyed the fee simple title to O'Driscoll. Plaintiff never lived on the land, and O'Driscoll, finding the house vacant, moved in and took possession.

2. This is an equitable suit to enforce specific performance of the oral agreement made about November 1, 1901. This alleged contract was merely a discussion too lacking in elements of completeness to admit of specific performance. The parties were negotiating, but material things remained to be agreed upon and done.

The understanding was, the agreement should be reduced to writing. Negotiations were subsequently carried on for that purpose, and November 21, 1901, a trust deed and notes were sent to Carson for execution. These he refused to sign and returned. The lease and option with rent notes, was then submitted, which he executed and returned. Under such circumstances, there can be no specific performance of an oral contract.—*Lamar Co. v. Craddock,* 5 Colo. App. 203; *Winter v. Goebner,* 2 Colo. App. 259; *Highland Park Co. v. Walker,* 13 Colo. App. 352; *Schenectady Stove Co. v. Holbrook,* 101 N. Y. 45; *Brown v. N. Y. Cent. R. Co.,* 44 N. Y. 79; *Spinney v. Downing,* 108 Cal. 666; *Edge Moor Bridge Works v. Bristol County,* 170 Mass. 628; *Shepard v. Carpenter,* 54 Minn. 153; *Lyman v. Robinson,* 14 Allen 242; *Water Commissioners v. Brown,* 32 N. J. Law 504; *Morrill v. Tehama Co.,* 10 Nev. 125.

3. There is another reason why this alleged oral contract cannot be specifically performed, even if it had the necessary elements of completeness when made. The evidence shows beyond a doubt, that after the alleged oral contract upon which the suit is based was made, the parties voluntarily, without the slightest suggestion of fraud, misunderstanding or overreaching of any kind, entered into a written contract. It is elementary that when an agreement is reduced to writing, it is the best evidence of the contract. All contemporaneous and antecedent negotiations are merged in and superseded by the written instrument, and it becomes the evidence of the agreement. —*Randolph v. Helps,* 9 Colo. 29; *Mackey v. Magnon,* 12 Colo. App. 137; *Flick v. Hahn's Co.,* 16 Colo. App. 485; *Oil Co. v. Fairbanks Co.,* 19 Colo. App. 142; *Union Selling Co. v. Jones,* 128 Fed. 672; *Bast v. Bank,* 101 U. S. 93; *Martin v. Berens,* 67 Pa. St. 459; Page on Contracts,

§§ 1189, 1356.

4. There is still another reason why plaintiff cannot rely upon and enforce the oral contract. Conceding the oral contract, with the alleged possession taken thereunder, and cash payment made thereon, was sufficient, notwithstanding the statute of frauds, to convey an equitable title, the specific performance of which could be enforced, still plaintiff cannot enforce specific performance in this case, for the reason that a fresh written contract abrogated and rescinded the former oral agreement. Where persons having entered into an agreement, subsequently make another regarding the same matter or transaction, and the two contracts are so inconsistent that they cannot stand together, the fresh agreement rescinds the former. These contracts are so inconsistent that they cannot stand together, and the one last executed rescinds the former. There can be no specific performance of a rescinded contract.—Page on Contracts, § 1340; *Housekeeper Publishing Co. v. Swift,* 97 Fed. 290; *Chrisman v. Hodges,* 75 Mo. 413; *Tuggle v. Callison,* 143 Mo. 527; *Stow v. Russell,* 36 Ill. 18; *Harrison v. Polar Star Lodge,* 116 Ill. 279; *Harmon v. Harmon,* 51 Fed. 113; *Unger v. Unger,* 65 O. St. 495; *Renard v. Sampson,* 12 N. Y. 561; *Paul v. Meservey,* 52 Me. 419; *Howard v. R. R. Co.* 1 Gill (Md.) 311.

Complaint is made because the court made no findings of fact and conclusions or declarations of law. They were not requested. A party desiring that findings of fact and conclusions of law be made, should request them. In any event, such matters are held to be discretionary with the court.—*Shideler v. Fisher,* 13 Colo. App. 106; *Denver Electric Co. v. Simpson,* 21 Colo. 371; *D. & R. G. Co. v. Pilgrim,* 9 Colo. App. 86; *D. & R. G. Co. v.*

*Nye, 9 Colo. App. 94; Witkowski v. Hill, 17 Colo. 372; Rollins v. Commissioners, 15 Colo. 103.*

*Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.