## MALOY et ux. v. WM. CAMERON & CO.

No. 1024.   Opinion Filed November 14, 1911.

(119 Pac. 587.)

1.  **HOMESTEAD—Alienation by Husband Alone.** Homesteads, being unknown at common law, exist only by statutory or constitutional provision.

(a)  In the absence of some statutory provision limiting the right of the husband to alienate or encumber the homestead, he may sell or encumber the same without the joinder or consent of his spouse, and such alienation or encumbrance, made without her consent, is valid and binding.

2.  **SAME — Mortgage by Husband — Foreclosure — Rights of Wife.** Under the laws existing in Oklahoma Territory on June 13, 1901, the title to the homestead being in the husband, he having mortgaged the same without being joined by his wife, his rights in such homestead were concluded thereby.

(a)  Foreclosure proceedings having been instituted by the mortgagee, to which the wife was made a party, by answering and setting up her rights therein, such mortgage could thereby be avoided

as to such rights, and foreclosure decreed only against the rights of the husband and subject to all homestead rights of the wife as long as they should exist.

(Syllabus by the Court.)

*Error from District Court, Greer County; J. R. Tolbert, Judge.*

Action by Wm. Cameron & Company against H. M. Maloy and wife. From the judgment, defendants bring error. Affirmed.

*A. M. Stewart,* for plaintiff in error.

*Charles M. Thacker, J. Percy Powers,* and *J. A. Powers,* for defendant in error.

WILLIAMS, J. The trial court, without the intervention of a jury, found that plaintiff (defendant in error) "has a valid, subsisting and unsatisfied lien, by virtue of said mortgage, upon the aforesaid real estate, which he is entitled to foreclose, as to all the right, title and interest of defendant therein, but subject to the aforesaid homestead rights of the said intervener (the wife), so that the purchaser at the foreclosure sale of the same shall take the legal title and all the reversionary rights of the defendant in and to the same, but so long as the same shall remain such homestead, the lawful homestead rights of the intervener (the wife) in and to the same as such homestead shall remain unimpaired and in full force and effect as if said note and mortgage had never existed. That the said mortgage is not valid as to the homestead rights of the intervener (the wife) in respect to said real estate, and she has avoided the same herein, so that she can be deprived of none of her said rights to occupy and use the same as a homestead so long as her said homestead rights in respect to the same may continue to exist; but upon her death, voluntary abandonment of her said husband and said homestead for a period of one year, abandonment of said homestead and taking up of her residence out of this state, or other act working a forfeiture or surrender of her said homestead rights, the right of occupancy and use of said real estate will be united with the legal title in the purchaser in said foreclosure proceedings, or

his successor, as said reversionary interest, so that the said purchaser, or his successor in right, shall thenceforth have both the title and the sole right of possession, occupancy and use of the same."

Homesteads, being unknown at common law, exist wholly by statutory or constitutional provision. *McGuire v. Van Pelt,* 55 Ala. 344; *Cook v. Highley,* 10 Utah, 228, 37 Pac. 336. In the absence of some constitutional or statutory provision limiting the right of the husband to alienate or encumber the homestead, he may sell or encumber the property without the joinder or consent of his wife, and such alienation or encumbrance, made by the husband alone, is valid and binding. *Lindsay v. Merrill,* 36 Ark. 545; *Klenk v. Knoble,* 37 Ark. 298; *Drake v. Root,* 2 Colo. 685; *Wright v. Whittick,* 18 Colo. 54, 31 Pac. 490; *Gullett v. Arnett,* 19 Ky. Law, 189, 44 S. W. 957; *Brame v. Craig,* 12 Bush (Ky.) 404; *Pribble v. Hall,* 13 Bush (Ky.) 61; *Shields v. Horbach,* 49 Neb. 262, 68 N. W. 524; *Gunnison v. Twitchell,* 38 N. H. 62; *Kennedy v. Stacy,* 1 Baxt. (Tenn.) 220; *Bilbry v. Poston,* 4 Baxt. (Tenn.) 232; *Nichol v. Davidson County,* 8 Lea (Tenn.) 389; *Kincade v. Burem,* 9 Lea (Tenn.) 553; *Cook v. Higley,* 10 Utah, 228, 37 Pac. 336; *Moran v. Clark,* 30 W. Va. 358, 4 S. Rep. 303; *Platte v. Cady,* 12 Wis. 461.

The law creating homestead exemptions having no provision as to selling or conveying the same, conveyances of such homestead are governed by the general law regulating conveyances of real estate. *Drake v. Root,* 2 Colo. 685. See, also, note to *McDonald et al. v. Sanford,* 9 Am. & Eng. Annotated Cases, beginning at page 3.

The following statutory provisions were in force in Oklahoma Territory and governed at the time the mortgage in question was executed.

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid unless reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead, exempt by law, except a lease for a period not exceeding one year, shall be valid unless in

writing and subscribed by both husband and wife, where both are living and not divorced, except to the extent hereinafter provided." (Sec. 880, Wilson's Revised and Annotated Statutes, 1903.)

"Where the title to the homestead is in the husband and the wife voluntarily abandons him for a period of one year, or from any cause takes up her residence out of the territory, he may convey, mortgage, or make any contract relating thereto without being joined therein by her; and where the title to the homestead is in the wife, and the husband voluntarily abandons her, or from any cause takes up his residence out of the territory for a period of one year, she may convey, mortgage or make any contract relating thereto without being joined therein by him." (Sec. 882, Wilson's Revised and Annotated Statutes, 1903.)

"If the husband shall make any deed, mortgage or conveyance relating to the homestead, without being joined therein by his wife he shall be concluded thereby, and the same can only be avoided by the wife; and if the wife shall make any deed, mortgage or contract relating to the homestead without being joined therein by the husband, she shall be concluded thereby and the same can only be avoided by the husband; and in either case, the husband or wife entitled to avoid any such deed, mortgage or contract shall be concluded by a failure after due notice of any suit in a court of competent jurisdiction, to set forth his or her right, title or interest therein." (Sec. 883, Wilson's Revised and Annotated Statutes, 1903.)

"In most jurisdictions it is held that laws which merely exempt homestead property from sale under legal process do not prevent judgments from becoming liens upon it; but that the lien attaches subject to the homestead use, retains its priority over subsequent liens, and may be enforced when that use has terminated by a sale or other abandonment." (15 Am. & Eng. Ency. of Law [2d Ed.] p. 621 [b].)

Arkansas, Louisiana, Minnesota, Nebraska, New York, North Carolina, and Wisconsin support this rule. Colorado, Illinois, Iowa, and Kansas, however, support the contrary doctrine.

Under the laws existing at the time this mortgage was executed, the homestead right was created with the statutory limitations hereinbefore set out. Under these provisions, when the husband executes a deed, mortgage, or contract relating to his homestead, without being joined by his wife, he is "concluded there-

by." The language, "the same can only be avoided by the wife", obviously means that tne wife might intervene and protect such homestead rights as she might have under the law; that, after notice, if she failed to appear and set up such claim, she would be concluded thereby; that when she set up such rights and showed that she was entitled to a homestead as a wife therein, that would avoid the deed, mortgage, or contract, so far as it affected her homestead rights, but not as to her husband. This statute was evidently not intended to make the wife the guardian of the husband as to his rights, but to fix it so that he could not convey, mortgage, or contract away her homestead rights.

It seems that the trial court in rendering the decree followed the literal construction of this statute. However, since this transaction took place, on June 13, 1901, the state has been erected, and section 883, *supra,* seems not to have been extended in force in the state. Sections 1, 2, and 3, article 12, Constitution.

The judgment of the lower court is affirmed.

TURNER, C. J., and DUNN and KANE, JJ., concur; HAYES, J., absent and not participating.