**THOMAS et al. v. JAMES et al.**

No. 10423—Opinion Filed Dec. 6, 1921.

(Syllabus.)

1. **Homestead — Conveyance—Husband and Wife.**
Under the provisions of section 2, art. 12, of the Constitution, and section 1143, Revised Laws of Oklahoma 1910, the homestead exempt by law cannot be alienated except by a written instrument subscribed by both husband and wife.

2. **Same—Separate Deeds by Spouses -- Validity.**
Where the wife executed her separate deed attempting to convey the homestead on September 24, 1913, and the husband executed his separate deed thereto on October 8, 1913, held, this was not a sufficient compliance with the statute to operate as a conveyance of the homestead.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Martha James and Jacob James against Jim Thomas and L. W. Hughes to recover and quiet title to land. Judgment for plaintiffs, and defendants bring error. Affirmed.

Utterback & MacDonald, for plaintiff in error L. W. Hughes.

Geo. S. March, for defendants in error.

NICHOLSON, J. This action was instituted in the district court of Bryan county by Martha James and Jacob James, plaintiffs, against Jim Thomas and L. W. Hughes, defendants, to recover possession of and quiet the title to 40 acres of land in said county.

There is practically no conflict in the evidence. In fact, it was agreed by the parties in open court that Martha James is enrolled as a Choctaw freedman, and that the land in controversy was allotted to her as such; that the plaintiffs are husband and wife; that prior to the 24th day of September, 1913, they had occupied said land as a homestead; that on that date Martha James executed a warranty deed to said premises to the defendant Jim Thomas, she being at said time in the town of Hugo; that afterwards, and on the 8th day of October, 1913, the plaintiff Jacob

James executed a separate warranty deed to the defendant Jim Thomas. The record further shows that Jim Thomas afterwards conveyed said land to the defendant L. W. Hughes. The court rendered judgment for the plaintiffs, decreeing that they were entitled to possession of said premises and quieting the title thereto in the plaintiff Martha James, and rendered judgment in favor of the defendant L. W. Hughes, and against the defendant Jim Thomas, for the sum of $800, being the consideration paid by him for the conveyance to him, together with the sum of $50 attorney's fees, to reverse which judgment this proceeding in error was filed.

The only question for determination. is, whether the separate deeds of the husband and wife attempting to convey the homestead were sufficient to operate as a conveyance thereof. Section 2, article 12, of Constitution, relating to homesteads and the alienation thereof, reads as follows:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon. Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law: provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

The manner of conveying the homestead is provided by section 1143, Revised Laws of Oklahoma of 1910, which is as follows:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided."

By the provision of this section of the statute: "No deed * * * to the homestead * * * shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated." This language is clear and unambiguous, and can only be construed as meaning that the homestead can be conveyed only by the husband and

wife executing a joint deed. Under the provisions of the statute the deed executed by Martha James on September 24, 1913, was invalid, because not subscribed by the husband; and likewise the deed from Jacob James executed on October 8, 1913. was invalid, because not subscribed by the wife; and each of these deeds being invalid, both of them will not operate as a valid conveyance. As was said in Howell v. McCrie, 36 Kan. 636, 14 Pac. 257, wherein the court was considering the effect of separate mortgages on the homestead, one executed by the husband and the other by the wife:

"How can it be said, then, that two void instruments, one executed by the husband and the other by the wife, mortgaging the homestead, can have the effect of creating a lien? They are void for all purposes, whether considered separately or taken together."

The precise question involved herein was before this court in Hawkins et al. v. Corbit et al., 83 Okla. 275, 201 Pac. 649, decided Oct. 4, 1921, and we there held that the execution of separate deeds by the husband and wife was not a sufficient compliance with the statute to convey title to the homestead. The opinion in the case reviews many authorities, and we are satisfied that the doctrine there announced is correct, and we do not care to depart therefrom.

The judgment of the trial court is correct, and is affirmed.

HARRISON, C. J., and PITCHFORD, McNEILL, and ELTING, JJ., concur.