**CHRISTIE et al. v. THOMPSON et al.**

No. 9941—Opinion Filed Sept. 19, 1922.

Rehearing Denied Jan. 11, 1923.

(Syllabus.)

1. **Abatement and Revival—Death of Party —Necessity for Revival.**

In an action where one of the parties thereto dies, leaving no surviving interest in said action to decedent's heirs, the action may be proceeded with for the purpose of determining the controversy existing between other parties to the action, and such action need not be revived in the name of the representative of such decedent.

2. **Homestead — Alienation by Husband Alone.**

Homesteads, being unknown at common law, exist only by statutory or constitutional provision. In the absence of some statutory provision limiting the right of the husband to alienate or incumber the homestead, he may sell or incumber the same without the

joinder or consent of his spouse, and such alienation or incumbrance, made without her consent, is valid and binding. Maloy et ux. v. Wm. Cameron & Co., 29 Okla. 763, 119 Pac. 587.

**3. Same—Effect of Conveyance — Statutes.**
Under the laws existing in Oklahoma Territory on April 20, 1906, where the title to the homestead was in the husband, the deed of such husband to the homestead without being joined by his wife held to be conclusive against such husband in an action by him and his wife to cancel such deeds.

Error from District Court, Noble County; Cham Jones, Assigned Judge.

Action by Grace Thompson, by her guardian and next friend, and George E. Thompson, against Terry Marlin and others to cancel deeds and for possession of real estate. Judgment for plaintiffs, and defendants appeal. Reversed and remanded, with directions.

L. V. Orton and L. N. Kimrey, for plaintiffs in error.

P. W. Cress, for defendants in error.

KENNAMER, J. Grace Thompson, by her guardian and next friend, and George E. Thompson, plaintiffs, instituted this action on the 29th day of April, 1916, in the district court of Noble county against Dennis Christie et al., defendants, to set aside certain deeds and for possession of the lands described in the petition, consisting of 160 acres of land homesteaded by George E. Thompson at the opening of the Cherokee Outlet in the year 1893.

George E. Thompson and Grace Thompson, his wife, lived on the land for several years, until sometime in 1901, when they moved to Glencoe, Payne county, Okla., where the plaintiff George E. Thompson purchased a house and lot, in which the plaintiffs lived until sometime in 1904, when they moved back to the farm, until the plaintiff George E. Thompson took his wife to the town of Morrison, Noble county, Okla., by reason of her being in ill health. In August, 1905, Mrs. Grace Thompson was committed to the insane asylum at Norman; in fact, she had been prior to this date, while living at Glencoe, committed for a short time to the asylum.

On April 20, 1906, George E. Thompson executed to Terry Marlin a deed covering the 160 acres of land in controversy. Neither this deed nor any of the deeds in controversy, under which the lands were conveyed and which the plaintiffs instituted this action to cancel, were signed or executed by the plaintiff Grace Thompson.

The cause was tried on the 25th day of September, 1917, in the district court of Noble county, in which the trial court entered judgment sustaining the demurrer to the plaintiff George E. Thompson's evidence. The trial court held that George E. Thompson was concluded by his deed which he executed to the lands in controversy, but the court decreed that the deed executed by George E. Thompson to Terry Marlin on April 20, 1906, and all subsequent deeds from Marlin and his grantees should be canceled, set aside, and held for naught and the title in and to said real estate described in said deeds quieted and vested in George E. Thompson, with a right of homestead in the plaintiff Grace Thompson, as the wife of George E. Thompson.

The defendants in the action have prosecuted this appeal to reverse the judgment of the trial court. All of the assignments of error present the single question as to whether or not the judgment of the trial court decreeing a cancellation of the deeds and the vesting of title to the lands in George E. Thompson was erroneous.

It appears from the record that within a few days after the rendition of the judgment by the trial court Mrs. Grace Thompson died, and under our view of the case the only interest that Grace Thompson had in the lands was the right to use and occupy said lands as a homestead. Therefore, it was unnecessary to have the action revived in the name of heirs or administrator of the estate of Grace Thompson. Section 5384, Revised Laws 1910, provides:

"Where one of several plaintiffs or defendants dies, or his powers as a personal representative cease, if the cause of action do not admit of survivorship, and the court is of opinion that the merits of the controversy can be properly determined and the principles applicable to the case fully settled, it may proceed to try the same as between the remaining parties; but the judgment shall not prejudice any who were not parties at the time of trial."

If Grace Thompson only had the right to occupy and use the lands as a homestead, and that right being personal to her and upon her death she left no inheritable interest in said lands, it is quite obvious in this situation that the only necessary defendant in error on this appeal is her husband, George E. Thompson. See 1 C. J., secs. 255, 260; Jameson v. Bartlett (Neb.) 88 N. W. 860.

Under section 880, Wilson's Rev. & Ann. St. 1903, no deed, mortgage, or contract relating to the homestead exempt by law, ex-

cept a lease for a period not exceeding one year, was valid unless in writing and subscribed by both husband and wife.

Section 882 provided that if the husband or wife abandoned the other for a period of one year, taking up residence out of the territory, then the other could convey without being joined therein by the abandoning husband or wife.

Section 883 of said statutes made another exception to the general provisions contained in section 880, in that the deed, mortgage, or conveyance of the homestead executed by either the husband or wife without the other joining in such conveyance should be conclusive against the one executing such instrument, and that such deed or conveyance might be avoided only by the husband or wife who had not executed such conveyance.

These various sections of the statutes in the case of Maloy et ux. v. Wm. Cameron & Co., 29 Okla. 763, 119 Pac. 587, were construed. In this case, under sections 880, 882, and 883, Wilson's Rev. & Ann. St. 1903, it was held that the judgment of the trial court foreclosing a real estate mortgage executed upon the homestead by her husband without the wife joining should be affirmed. The judgment of the trial court in the case foreclosed the mortgage and ordered the property sold subject to the homestead right of the wife of the mortgagor, who intervened in the action. The opinion of the court in part, by Mr. Justice Williams, is as follows:

"Under the laws existing at the time this mortgage was executed, the homestead right was created with the statutory limitations hereinbefore set out. Under these provisions, when the husband executes a deed, mortgage, or contract relating to his homestead, without being joined by his wife, he is 'concluded thereby.' The language, 'the same can only be avoided by the wife,' obviously means that the wife might intervene and protect such homestead rights as she might have under the law; that, after notice, if she failed to appear and set up such claim, she would be concluded thereby; that when she set up such rights and showed that she was entitled to a homestead as a wife therein, that would avoid the deed, mortgage, or contract, so far as it affected her homestead rights, but not as to her husband. This statute was evidently not intended to make the wife the guardian of the husband as to his rights, but to fix it so that he could not convey, mortgage, or contract away her homestead rights.

"It seems that the trial court in rendering the decree followed the literal construction of this statute. However, since this transaction took place, on June 13, 1901, the state has been erected, and section 883, supra, seems not to have been extended in force in the state. Sections 1, 2, and 3, article 12, Constitution."

It is clear, under the authority of this case, that the judgment of the trial court decreeing the title to the lands in controversy to be in George E. Thompson must be reversed. The title to the lands should have been decreed to be in the defendant Christie, subject to the homestead right of the plaintiff Grace Thompson.

We are unable to agree with counsel that a different rule was followed in Kelley et al. v. Mosely et al., 34 Okla. 218, 124 Pac. 984. It is true in this case that the conveyance executed by the husband without the wife joining was held to be invalid. It is also true that such a conveyance is void or invalid, and the title of the grantee as against the husband who executed the conveyance without the wife joining does not rest, nor is it based, upon the deed so executed as a valid conveyance, but the title of the grantee as against the conveying husband or wife without the other joining rests upon an equitable estoppel which concludes such a grantor from asserting any interest in the property so conveyed. The phrase "should be concluded thereby," found in section 883, supra, used in its ordinary sense and common acceptation, means that such a grantor is shut off, restrained, barred, or estopped thereby. It evidences an intention on the part of the Legislature to prohibit such a grantor from asserting the invalidity of such a conveyance. Lord Coke said:

"The name 'estoppel' or 'conclusion' was given because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead the truth." Steffens v. Nelson, 94 Minn. 365, 102 N. W. 871.

If the separate deed of the husband in the instant case to the homestead had been executed subsequent to the admission of Oklahoma as a state and the adoption of the Constitution, such a deed would be held to be absolutely void, and the case of Hawkins et al. v. Corbit et al., 83 Okla. 275, 201 Pac. 649, would be controlling; but, as the case is controlled by the applicable statutes in force in the territory of Oklahoma, we are clearly of the opinion that, under the authority of Maloy et ux. v. Wm. Cameron & Co., supra, the trial court committed reversible error.

The judgment of the trial court is reversed, and the cause is remanded, with directions to enter a decree in accordance with the views herein expressed.

KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.