**FETTERMAN v. FRANKLIN et al.**

No. 10675—Opinion Filed Nov. 28, 1922.

(Syllabus.)

1. **Homestead — Conveyance — Consent of Spouse.**

Since the adoption of section 2, article 12, of the state Constitution, the homestead of the family shall not be sold by the owner, if married, without the consent of his or her spouse given in such manner as may be prescribed by law, and section 1143, Revised Laws 1910, prescribes the manner that such spouse may give consent to an alienation of the homestead as follows: "No deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife."

2. **Same—Void Conveyances.**

An attempted alienation or incumbrance by deed or contract of the homestead of the family by a married man given without the wife's consent in the manner prescribed by law is absolutely void and confers no right upon the grantee in such conveyance.

3. **Same.**

Where A. on the 2nd day of December, 1918, was residing on 125 acres of land with his wife, used and occupied by them as a homestead, and executed to B. a contract in writing whereby A. agreed to sell to B. 60 acres of the 125 acres of land for a consideration of $2,000, of which $225 was paid on the date of the execution of the contract, it being admitted that the wife of A. did not join in the contract executed by A., and within a few days subsequent to the execution of the contract to B., A., joined by his wife in the execution of a warranty deed, conveyed the same lands covered by the contract executed to B. to C., and the wife of A. within about 60 days from the date of the execution of the contract to B. died, leaving no issue of the marriage, held, in an action by B. against A. and C. seeking the specific performance of the contract executed by A. to B. and to quiet title as against C., that the judgment of the trial court decreeing B.'s contract to be void, quieting the title of C., be affirmed.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by W. R. Fetterman against Robert Franklin and Thomas Franklin for specific performance of contract and to quiet title. Judgment for the defendants, and plaintiff appeals. Affirmed.

Vilas V. Vernor, for plaintiff in error.

R. Emmett Stewart, G. W. P. Brown, C. E. Corbett, and Carter W. Wesley, for defendants in error.

KENNAMER, J. W. R. Fetterman instituted this action in the superior court of Muskogee county on the 31st day of May, 1918, against Robert Franklin and Thomas Franklin, defendants, to enforce specific performance of a contract executed by Robert Franklin on the 2nd day of March, 1918, in which he agreed to sell to the plaintiff the fee simple title to 60 acres of land located in Muskogee county and to convey to the plaintiff all of the mineral rights in 15 acres of land located in said county. The plaintiff sought to quiet his title in said lands as against any claim to title by Thomas Franklin.

On January 13, 1919, after the trial of said cause, the court entered judgment decreeing the contract of the plaintiff to be invalid because the land described in the contract was the homestead of Robert Franklin and his wife, and said contract had not been executed as required by law in that the wife of Robert Franklin had not joined her husband in the execution of the same. The title to the property, by the judgment of the court, was quieted in Thomas Franklin, the court having found from the evidence that Robert Franklin and his wife had executed to Thomas Franklin a warranty deed conveying the title to the lands in controversy to him.

The plaintiff, W. R. Fetterman, filed a timely motion for a new trial, which was by the court overruled, and this appeal is prosecuted to reverse the judgment of the trial court.

The parties will be referred to as they appeared in the trial of the case.

Eight specifications of error are assigned as grounds for reversal of the judgment.

An examination of the record discloses that there are only two questions involved in this appeal, which are stated by counsel for the plaintiff as follows:

"(1) In the event a husband and wife are residing on 125 acres of land, it being their homestead, and the husband, without the wife joining, executes a contract for a conveyance, the title to the land being in the husband, and receives therefor $325 of a total purchase price of $2,000 to be paid for 60 acres of the 125 acres, and the wife within 30 or 60 days dies leaving no issue of the marriage, the contract being silent as to the time in which its terms are to be carried out, the husband leaving and abandoning the premises upon death of wife, can specific performance of the contract be enforced?

"(2) If specific performance cannot be enforced, and the contract is regular in form and duly recorded, can a deed executed by the husband and wife, prior to her death, to the husband's uncle with or without consideration defeat the party recovering a judgment for the money paid on the purchase price, the same to be a lien upon the premises recited in the contract?"

An analysis of the contention made by counsel for the plaintiff, concisely stated, is that a conveyance of a homestead executed by the husband without his wife's consent or joining in the conveyance as prescribed by section 1143, Revised Laws 1910, is only voidable, and not void. It is conceded that the land in controversy on the date of the execution of the contract to the plaintiff was occupied by the defendant Robert Franklin and his wife as a homestead. The question as to whether the contract which the plaintiff seeks to have specifically performed is void or voidable is no longer an open question in this jurisdiction. In fact, the contention made by counsel for the plaintiff that such a contract is only voidable was repudiated by this court in the case of Whelan v. Adams et al., 44 Okla. 696, 145 Pac. 1158. At page 702 of Oklahoma Report, Mr. Justice Sharp, in delivering the opinion of the court, said:

"The sale, having been made in direct violation of the express provision of our organic law, was void; hence Adams acquired no rights by reason of his purchase. The constitutional inhibition is plain, unambiguous, and admits of no exceptions which would destroy its obvious design. If the owner be a married man, the consent of the wife, given in such manner as may be prescribed by law, is essential to the valid alienation of the homestead, unless (it may be) the conveyance be made to her. No alienation of the homestead by the husband alone, in whatever way it may be effected, is of any validity; nothing that he can do or suffer to be done can cast a cloud upon the title; it remains absolutely free from all grants and incumbrances, except those mentioned in the Constitution. Morris v. Ward, 5 Kan. 239. Efforts have been made to ingraft exceptions, arising out of the supposed necessities of the case, upon similar constitutional provisions or statutory enactments, but in all states save one, so far as we have examined the authorities, they have uniformly failed; for it must be remembered that it is not the homestead of the husband alone; though the title be in his name; it is the homestead of the family, made so by the Constitution.

"Provisions similar to that of our Constitution are found either in the Constitutions or statutes of the great majority of the states of the Union, and, with a single exception, so far as our investigation has disclosed, conveyances made or attempted by the husband, without the consent of the wife, given in the manner prescribed by law, are held to be void. Many of the authorities are collected in the notes to Poole v. Gerrard, 6 Cal. 71, 65 Am. Dec. 481; Chambers v. Cox, 23 Kan. 393; Alt v. Banholzer, 39 Minn. 511, 40 N. W. 830, 12 Am. St. Rep. 681; Stantion v. Hitchcock, 64 Mich. 316, 31 N. W. 395, 8 Am. St. Rep. 821; Martin v. Harrington, 73 Vt. 193, 50 Atl. 1074, 87 Am. St. Rep. 704; Hart v. Church, 126 Cal. 471, 58 Pac. 910, 59 Pac. 296, 77 Am. St. Rep. 195; O'Malley v. Ruddy, 79 Wis. 147, 48 N. W. 116, 24 Am. St. Rep. 702; Seiffert & W. L. Lbr. Co. v. Hartwell, 94 Iowa, 576, 63 N. W. 333, Am. St. Rep. 413; McKenzie v. Shows, 70 Miss. 388, 12 South. 336, 35 Am. St. Rep. 654."

The rule announced in the case of Maloy v. Cameron & Co., 29 Okla. 763, 119 Pac. 587, that the separate conveyance by the husband of the homestead, title being in the husband, was only voidable as to the wife not joining in such conveyance, and that the husband executing such a conveyance was concluded thereby, was a case controlled by sections 880, 882, and 883 of Wilson's Revised & Annotated Statutes 1903, and arising prior to the adoption of our state Constitution. The rule therein announced has not been followed by this court in cases arising since the adoption of section 2, art. 12, of the Constitution, which provides that the homestead of the family should not be sold by the owner, if married, without the consent of his or her spouse, given in such manner as may be prescribed by law. Whelan v. Adams et al., supra; Davis v. McGilbray et ux., 81 Okla. 42, 196 Pac. 339; Shannon et ux. v. Potter et al., 83 Okla. 66, 200 Pac.

860; Hawkins et al. v. Corbit et al., 83 Okla. 275, 201 Pac. 649. See Hannah Hill v. First Nat'l Bank of Marianna et al., 79 Fla. 391, 84 South. 190, 20 A. L. R. 270.

The contract executed by the defendant Robert Franklin, by the terms of which he agreed to convey the lands in controversy to the plaintiff, being an attempt to convey or alienate a portion of the homestead occupied and used as such by Franklin and his wife, in contravention of the applicable provisions of section 2, art. 12, of the Constitution, and section 1143, Revised Laws 1910, such contract was absolutely null and void, and the warranty deed executed by Robert Franklin and his wife, having been executed in the manner prescribed by section 1143, Revised Laws 1910, conveyed the title of the grantors to said Thomas Franklin, and the judgment of the trial court denying the plaintiff specific performance of his contract and quieting the title of Thomas Franklin to the lands against the claims of the plaintiff should be affirmed.

It is so ordered.

HARRISON, C. J., and KANE, JOHNSON, McNEILL, MILLER, and NICHOLSON, JJ., concur.