## WILSON et al. v. CLARK et al.

No. 12713—Opinion Filed Feb. 19, 1924.

**1. Frauds, Statute of—Conveyances of Real Estate—Homestead.**

No deed, mortgage, or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage, or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated, except to the extent hereinafter provided. Section 1143, Rev. Laws 1910; 5240, Comp. Stat. 1921.

**2. Homestead—Conveyance — Invalidity of Separate Deeds by Spouses.**

Under the above provisions of the statues of Oklahoma, the homestead exempt by law cannot be alienated except by a written instrument joined in and subscribed by both husband and wife, where that relation exists. The execution and delivery of two separate and distinct deeds by each of the spouses is not a sufficient compliance with the statute to convey title to the homestead.

**3. Same — Abandonment — Conveyance by One Spouse.**

When property has once been impressed with the homestead character, it must be made to clearly appear that both the husband and wife have voluntarily intended to relinquish and did abandon the homestead, and that another homestead has been acquired, before either spouse can convey the same without being joined in the deed of conveyance by the other so long as the relationship of husband and wife exists. Long v. Talley, 84 Okla. 38, 201 Pac. 990.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Mayes County; A. C. Brewster, Judge.

Action by Cealy Wilson and others against E. W. Clark and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

E. J. Broaddus, Watts & Watts, and Harry Seaton, for plaintiff in error.

Langley & Langley and J. W. Bashmore, for defendants in error.

Opinion by JONES, C. This was an action instituted in the district court of Mayes county by plaintiff, plaintiff in error, Cealy Wilson, against E. W. Clark and the Home Farm Mortgage Company, defendants, defendants in error, to recover possession of 40 acres of land and quiet title thereto, and for damages for rents and profits therefrom. Cealy Wilson was a Cherokee freedman and the land in controversy was her homestead allotment. On the trial of the case the plaintiff dismissed her claim with reference to ten acres of the forty acre tract that had been formerly conveyed by her, joined by her husband, leaving only 30 acres in controversy.

The records disclose that Cealy Wilson, together with her former husband, Nelson Thompson, who was also a Cherokee freedman, selected their homestead allotments adjoining, and had lived upon and occupied this particular tract of land for many years prior to its selection as a homestead allotment, and continuously thereafter until the death of Thompson, and that thereafter, and prior to the institution of this suit, the plaintiff in error married R. H. Wilson and continued living upon the premises occupying same as the home up until about the first of the year 1914. On January 18, 1911, Cealy Wilson and her husband, R. H. Wilson, executed a mortgage to R. E. Thompson covering the land in controversy to secure the payment of a note for $525 and on May 1, 1913, Cealy Wilson executed and delivered her quitclaim deed conveying said land to said Thompson for the cash consideration of 50 cents, and, as contended by defendants in error, in satisfaction of the mortgage indebtedness, and that her husband, R. H. Wilson, on the same date for the sum of $25 executed and delivered his quitclaim deed covering said land to said Thompson; that at the date of execution of the two deeds, Cealy Wilson was residing on the land in controversy, and her husband, R. H. Wilson, was in Kansas, having abandoned the plaintiff about a year prior thereto. The deed executed by the plaintiff in error describes her as the wife of R. H. Wilson, and the deed executed by R. H. Wilson describes

him, the grantor, as the husband of the plaintiff, Cealy Wilson. The vendee in said deeds, Thompson, shortly after acquiring same conveyed the land in question to E. W. Clark, one of the defendants in error, by warranty deed. And the Farm Mortgage Company, the other defendant in error, had made a loan on said premises and secured same by mortgage covering said lands.

It seems that at the time of the trial the plaintiff in error had remarried, and was at that time living with her husband, Randoll Aycth, and that she had one son living, who was then 38 years of age and had not resided with her as a member of the family since about 1906. Plaintiff in error contends that the premises in controvesy constitutes a part of her homestead and that the separate deeds executed by her and her husband were void, under the constitutional and statutory provisions of this state requiring the husband and wife to join in conveyance of the homestead.

The defendants in error first contend that the property was not the homestead of the plaintiff in error, Cealy Wilson, and, second, that if it was she is now estopped from asserting her rights by reason of the fact that she has stood by and permitted the defendant Clark to improve and expend large sums of money in fencing and cultivating the land, and that she should not be heard to assert her rights at this time. And the Home Farm Mortgage Company deny the homestead character of the land, and aver that they are incumbrancers or purchasers in good faith, without notice of any equity in favor of the plaintiff in error, Cealy Wilson, and allege that the execution of the separate quitclaim deeds by the plaintiff and her husband at the time when they were living separate and apart, and the said husband having abandoned plaintiff for more than one year, and not then being a resident of the State of Oklahoma, constitutes a valid conveyance of the land. And on the trial of the case the court found the issues in favor of defendants and against the plaintiff, and that defendant Clark is the owner and entitled to the possession of the land; to which judgment of the court the plaintiff excepts and files motion for a new trial, and same being overruled the plaintiff appeals, and sets forth various specifications of error, but as we view it, the real issue is raised by the fourth assignment which is to the effect that the court erred in finding and adjudging that the land in controversy was not the homestead of the plaintiff; the court made no findings of fact, merely rendering a gen-

eral judgment, hence we are not fully advised as to just what the court based its judgment upon, but from an examination of the brief of defendants in error, we find that the first contention made is that the land was never selected by the plaintiff as provided by the Constitution of this state, and say that the Legislature of this state has so far failed to legislate as to how this selection shall be made, and while they quote a portion of the Constitution, article 12, section 1, relative to homesteads, they cite no authorities in support of that contention. We cannot agree with counsel in this position. The fact of continuing residence, and the further fact as disclosed by the record that the land in controversy was selected by the plaintiff in error, who was a Cherokee freedman, as her homestead is abundant proof of the fact that the selection had been made and that the property was occupied as a homestead; and, second, the defendants in error contend that this land was not the homestead of the plaintiff for the reason that she was not the head of a family at the time the deeds to Thompson were given. It is admitted that her husband had abandoned her at that time, and that her only child had established a home for himself, and while the record is not clear we assume that she lived there alone, but these facts would not necessarily deprive her of her position as the head of the family. We think so long as she was the legal wife of R. H. Wilson that she had the right to maintain the home as the head of a family; it is true that the evidence is slight and not of the most satisfactory nature as to the exact relationship between her and her husband, but she states, and the fact is uncontradicted, that she had not been divorced from him at that time, and she did not remarry until years after the execution of the deed in question, and as heretofore stated the deeds under which the defendants in error hold referred to the grantors therein, Cealy Wilson and R. H. Wilson, as being husband and wife, and we think in the absence of any further proof that this is sufficient to establish the marital relation, and that if in fact they were not husband and wife it would be sufficient at least to shift the burden of proof to defendants to establish that fact. The defendants make the argument that the fact of the plaintiff's remarriage to Aycth was evidence that the plaintiff at least presumed that she and her former husband were divorced. This we think would be a fair presumption to indulge at the time of her remarriage to Aycth, but this incident occurred several years after the deed in controversy was executed, and in the face of the facts established and in the absence of any evidence to the contrary, we would likewise presume that no divorce had been granted at that time.

The defendants further contend that the separate deeds of the husband and wife to the homestead will convey title if they have a joint intention and in support of this contention they cite and call attention to the change of the statutory provisions concerning his question, wherein certain language has been dropped from the Oklahoma Statutes of 1893, sec. 1627, which is as follows:

"All instruments conveying or affecting the title to the homestead exempt by law to the head of the family shall be void unless the husband and wife sign and acknowledge, one and the same joint instrument conveying the same."

And then cite and call attention to article 12, sec. 2 of the Constitution, and sec. 4143, Rev. Laws 1910 (5240, Comp. Stats. 1921), which does not retain the provisions that the husband and wife shall sign and acknowledge one and the same joint instrument. But, in view of the decisions of this court, we cannot agree with this contention. There are a long list of Oklahoma authorities passing directly on this point construing the late statute and consistently followed up to the present time. The case of Hawkins et al. v. Corbitt et al., 83 Okla. 275, 201 Pac. 649, wherein the court said, in quoting sec. 2, art. 12, of the Constitution and referring to sec. 1143, Rev. Laws 1910:

"Under the above provisions of the Constitution and laws of Oklahoma homestead exempt by law cannot be alienated except by written instrument joined in and subscribed by both husband and wife, where that relation exists. In this case the husband executed a deed at Muskogee on February 2nd. The wife was not present at the time he executed the deed. On February 5th, at Tulsa, the wife signed a separate deed, and entirely different writing in the absence of her husband. Held, that was not a sufficient compliance with the Constitution to convey title to the homestead."

And the cases of Long v. Talley, 84 Okla. 38, 201 Pac. 991, Thomas et al. v. James et al., 84 Okla. 91, 202 Pac. 499, and many other recent Oklahoma authorities are cited in support of this rule.

Some reference is made to the fact that foreclosure proceedings had been instituted on the note and mortgage heretofore referred too, given to one Thompson by the plaintiff in error and her husband, and that the deeds were executed in satisfaction of this indebt-

edness, but we take it that the court would not be authorized in sustaining the deeds on this theory and in fact no contention is made by defendants in error to this effect. And in this case possibly no serious injustice was done, but nevertheless as we view it the deeds relied upon are void and were executed in direct conflict with the Constitution and statutory provisions of our state, and, as heretofore stated, we are not advised as to what phase or theory of the case the trial court based its judgment on, but, as we view it, the evidence establishes the relationship of husband and wife between Cealy Wilson and R. H. Wilson at the time of the execution of the deeds in controversy, and unquestionably establishes the fact that the land in controversy was the homestead of the plaintiff herein, and had been so occupied for many years. And under this state of facts and the law as we understand it the deeds are void and being of that nature estoppel could not be urged against plaintiff, nor can the question of innocent purchasers enter into the matter, for the reason that the deeds disclosed facts sufficient on their face to show that they were void, and that they had been made and executed in conflict with the statutory and constitutional provisions of this state, and at least showed sufficient facts to put an ordinarily prudent man upon inquiry in dealing with same, which would have lead him to the knowledge of the fact that the land conveyed, at the time of the conveyance, was occupied as a homestead, and that the deeds therefore were void, and we recommend that the case be reversed, and in view of the fact that it is possible that a different state of facts might be developed we think it proper to remand the case for a new trial, in conformity with the law as herein expressed.

By the Court: It is so ordered.