JENKINS et al. v. SEIGLAR.

No. 31165.    Nov. 2, 1943.

*142 P. 2d 851.*

Eben L. Taylor, of Tulsa, and A. W. Kelley, of Claremore, for plaintiffs in error.

W. P. Nelson, of Tulsa, for defendants in error.

OSBORN, J. This is an appeal from a judgment of the district court of Rogers county decreeing specific performance of an oral contract for the sale of real estate. Reference hereinafter will be made to the parties as they appeared in the trial court, wherein the plaintiffs in error were the defendants and defendants in error the plaintiffs.

It is shown that the defendant John Jenkins was the owner of a tract of land consisting of ten acres in Rogers county, which was occupied as a homestead by the defendants. John Jenkins orally agreed with the plaintiff E. C. Seiglar to sell him said tract of land for the sum of $200. The defendant Mrs. John Jenkins was not a party to the contract. The plaintiff E. C. Seiglar made various payments to defendant John Jenkins in the total sum of $150, and later tendered to him $50, the balance of the contract price, and demanded a conveyance of the property. The defendant Jenkins refused to accept the $50 and refused to execute a conveyance of the property; thereupon, plaintiffs, E. C. Seiglar and his wife, Violet Seiglar, brought suit against defendants, John Jenkins and Mrs. John Jenkins, asking for specific performance of the contract.

Plaintiffs alleged in their petition that both plaintiffs were parties to the oral contract entered into with John Jenkins and that, on October 19, 1940, when $100 of the purchase price had been paid, it was agreed between all of the parties that the defendants would execute a quitclaim deed to the premises to be placed in escrow, pending final payment, and when paid, the deed was to be delivered to the plaintiffs. The petition further alleged that plaintiffs were given possession of the property, and that they placed certain improvements thereon, and that defendants were present when most of the improvements were made. Plaintiffs pleaded estoppel and asked for judgment requiring deed to the property. Defendants demurred to the petition on the ground that the alleged agreement upon which the action was based was invalid, and the same being overruled, the defendants filed separate answers. The answer of Mrs. John Jenkins consisted of a general denial, and further alleged that if defendant John Jenkins ever made a contract of sale with plaintiffs, or either of them, the same was not joined in or assented to by her, and that same was not in writing and was void under the statutes and Constitution of Oklahoma. The answer of defendant John Jenkins consisted of a general denial, and further alleged that he made an oral contract with plaintiff E. C. Seiglar for the sale of the property, but that neither plaintiff Violet Seiglar nor defendant Mrs. John Jenkins were parties thereto; that said contract was never carried out; that plaintiff E. C. Seiglar failed and refused to perform the conditions of the agreement within the time and manner agreed upon, and that same was void because not in writing, and for the further reason that the premises were at the time and still are the homestead of him and his family. The reply of plaintiffs denied the allegations of new matter in the answers.

The cause was heard and the court rendered judgment decreeing specific

performance of the contract sued upon, and ordered the defendants to surrender possession of the premises and execute a quitclaim deed conveying the property and, upon failure to do so, the sheriff of Rogers county was to execute a deed conveying the property to plaintiffs. Defendants appeal.

The defendants first contend that the contract in controversy, being for the sale of a homestead and not being a written contract subscribed by both husband and wife when both, at the time, were living and neither divorced nor legally separated, was wholly void, and the trial court therefore erred in decreeing specific performance thereof.

It is not disputed that this property was all of the real property owned by the defendants and that they lived together thereon as man and wife at the time the oral contract in question was entered into by defendant John Jenkins and for many years prior thereto.

In Fetterman v. Franklin et al., 88 Okla. 1, 211 P. 403, this court held:

"An attempted alienation or incumbrance by deed or contract of the homestead of the family by a married man given without the wife's consent in the manner prescribed by law is absolutely void and confers no right upon the grantee in such conveyance."

This court has many times since sustained that holding. Long v. Talley, 84 Okla. 38, 201 P. 990; Thomas v. James, 84 Okla. 91, 202 P. 499; Baker v. Grayson, 86 Okla. 159, 207 P. 301.

The plaintiffs alleged in their petition that they took possession of the property and began improving same and named the various improvements made thereon. It is true that plaintiff E. C. Seiglar made some improvements on the land, but defendants continued to live thereon and were in possession thereof when this suit was filed. Plaintiffs claim estoppel. In support of their contention that defendants were estopped to assert their homestead rights, plaintiffs cite and rely upon Brusha v.

Board of Education of Oklahoma City, 41 Okla. 595, 139 P. 298. The question as to whether or not the holding in that case could apply in the instant case has been answered by this court in Standard Savings & Loan Ass'n v. Acton, 178 Okla. 401, 63 P. 2d 15. The holding in the latter case refutes the contention of the plaintiffs in the instant case on the question of estoppel.

From the pleadings and testimony presented, we must conclude that the defendants were not estopped from asserting the invalidity of the contract and the plaintiffs were not entitled to specific performance and the trial court erred in its judgment. The plaintiff E. C. Seiglar could easily have required that the contract be in writing and signed by both defendants, which he neglected to do and must suffer the consequence of his failure to act more prudently.

The judgment of the trial court is reversed and the cause remanded, with instructions to proceed in conformity with the views herein expressed.

CORN, C.J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and RILEY, J., absent.