L. D. KEEL, Plaintiff in Error,

v.

Robert C. JONES, Lucille M. Jones and Lee Pogue, Defendants in Error.

No. 40874.

Supreme Court of Oklahoma.

April 12, 1966.

Sid White, John B. Ogden, Oklahoma City, for plaintiff in error.

Wheeler, Parsons, Wheeler, Hampton, Kessler & Zamrzla, Oklahoma City, for defendants in error.

PER CURIAM:

This action was instituted by L. D. Keel, plaintiff, against Robert C. Jones, Lucille M. Jones and Lee Pogue, defendants, to quiet title in the following described real property in Oklahoma County, Oklahoma, to wit:

The East 50 feet of the North 140 feet of Block 6, of West Point Addition to Oklahoma City, Oklahoma.

Judgment was rendered in favor of the defendants and plaintiff has perfected this appeal. The parties will be referred to herein as they appeared in the trial court.

Plaintiff claimed that this property (residential) was his homestead and that he and his wife, Bessie Keel, had been living in the property, as husband and wife, continuously for a period of more than 5 years immediately prior to August 25, 1959, when his wife, Bessie Keel, executed a deed conveying the title therein to defendants, Robert C. Jones and Lucille M. Jones. That said deed was executed by his wife, as a single woman, without the knowledge or consent of plaintiff, and without the plaintiff joining in the execution of the deed.

That the defendants, Robert C. Jones and wife, conveyed the property involved by deed to defendant, Lee Pogue, shortly after they acquired it.

The undisputed testimony on behalf of plaintiff showed that plaintiff and his wife were married in 1917 and were the parents of six grown children; that the purchase of the house and property involved herein was handled by his wife and that the deed covering said property was made to *Bessie Keel, a single woman.* That plaintiff made most of the payments on the property; that plaintiff and his wife, Bessie Keel, lived in this property as their only and exclusive homestead for a period of approximately 5 years, and were living in the property on the day Bessie Keel traded the property for other residential property of much higher value; that plaintiff did not know the property was being sold or traded by his wife and he did not sign the deed; that the deed was executed by his wife without his knowledge or consent. That the telephone directory listed the telephone in his name.

The evidence further showed that on the day the above described deed was executed plaintiff had gone to Garvin County to look at property belonging to him, and that when he returned that night his wife had removed herself and their furniture from the premises; that night he took a motel room and the next day located her in a new home in Oklahoma City, and discovered that she had conveyed the subject property to the defendants Robert C. Jones and Lucille M. Jones, and that thereupon, the plaintiff took up residence with his wife in the new home and lived there with her approximately one and one-half years.

The evidence further showed that this action was filed in the District Court of Oklahoma County on November 16, 1959, 76 days after the date of the deed by Bessie Keel to Robert C. Jones and Lucille M. Jones.

The plaintiff further testified that he and his wife had some trouble over the sale of the house by her and that in September, 1959, she filed a suit for separate mainte-

nance against plaintiff and that he filed a cross petition asking for a divorce but that they soon went back together, and continued living together; that he did not make any payments on the new house and that it was lost by mortgage foreclosure.

The pertinent evidence on behalf of the defendants came from Mrs. Wilma Felix, a broker who handled the trade of houses for the defendants. She testified that she was the broker for Mr. and Mrs. Robert C. Jones; she further stated that at the time the real estate transaction was closed she did not know nor gain any knowledge concerning Mr. L. D. Keel; that she only saw from the county records that the deed to the property in question showed *Bessie Keel,* a single *woman,* to be the grantee therein; that she relied solely on the record and did not make any other investigation or inquiry as to who occupied or lived in the property.

The trial court found in favor of defendants on the theory that the deed in question was signed by the wife, Bessie Keel, as a single woman, but with the knowledge and consent of plaintiff; that plaintiff had received benefits from the sale of the property and ratified the sale and that defendants were innocent purchasers.

There is no question but that the property involved was impressed with a homestead character at the time the deed involved herein was executed. There is no evidence in the record to indicate that the homestead had been abandoned at the time of the execution of the deed.

This brings us to a legal consideration of the legal problems involved.

■ In this jurisdiction the homestead estate cannot be alienated by the owner, if married, unless his or her spouse join in the execution of the deed.

■ Article 12, Section 2 of our Constitution provides that no conveyance of the homestead shall be made without the consent of his or her spouse, given in such manner as may be prescribed by law, and Title 16, Section 4, Oklahoma Statutes 1951, provides as follows:

"* * * [N]o deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one (1) year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced, or legally separated, * * *."

■ In the cases of Van Meter v. Field, 195 Okl. 555, 159 P.2d 546, and Ludeman v. Armbruster, 196 Okl. 452, 165 P.2d 835, this court stated:

"Homestead interest is a creature of the Constitution and Statutes and is vested jointly in the husband and wife for the benefit of themselves and family without regard to which spouse has title to the property."

This court has repeatedly held that the deed to a family homestead without being executed by both husband and wife is void. Thomason v. Martin, 97 Okl. 17, 222 P. 511; Montgomery v. Wise, 179 Okl. 247, 62 P.2d 647; Girdner v. Girdner, Okl., 337 P.2d 741.

The defendants rely upon the case of Kunauntubbee v. Greer, Okl., 323 P.2d 725. This cited case is distinguishable from the case at bar because of the factual difference. The cited case presents a question of abandonment of homestead. The land in that case was a part of an unrestricted allotment to the husband who was of Indian blood. The deed was executed by the husband alone in November, 1951. The facts in that case showed that the husband and wife moved to Texas in 1944 and later purchased a home in Texas and made major improvements thereon. Both the husband and wife signed affidavits before the Tax Assessor and Collector of the County wherein their Texas home was located declaring same to be their homestead. This court held that under the facts in the case the homestead had been abandoned before the execution of the deed.

The question of the plaintiff having benefitted from the sale of the property or rati-

**552**

fied the sale of the property has been decided adversely to the contentions of the defendants and the judgment of the trial court. The case of Standard Savings & Loan Association v. Acton, 178 Okl. 400, 63 P.2d 15, is decisive of this question.

 We have heretofore shown by the evidence that the defendants, Robert C. Jones and Lucille M. Jones, were not innocent purchasers. If their agent, Mrs. Wilma Felix, or these defendants, had made proper inquiry, they would have discovered that the plaintiff and his wife had been in actual and complete possession of the homestead for some seven years. See Title 25 O.S.1961, Sec. 13.

 The defendant, Lee Pogue, did not plead or offer to prove that he was an innocent purchaser for value. In fact he did not take the witness stand in his behalf. Under Title 12 O.S.1961, Sec. 272, he should have plead this defense in order for it to have been available to him. In the absence of such pleading and proof, the defendant Pogue must stand in the same shoes as the defendants, Robert C. Jones and Lucille M. Jones. It is therefore not necessary for us to determine the question of Pogue being an innocent purchaser and we express no opinion on that question.

The judgment is reversed and the trial court is directed to enter judgment for plaintiff and to set aside and cancel the deeds to the property involved herein.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, BLACKBIRD, IRWIN, BERRY and LAVENDER, JJ., concur.

This Court acknowledges the services of Richard L. Wheatly, Jr. who with the aid and counsel of Melvin Landers and Robert C. Lollar, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to DAVISON, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.